```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


CESAR FUENTES,                      :
                                    :
        Petitioner                  :      CIVIL NO. 3:CV-06-277
                                    :
    v.                              :
                                    :
                                    :      (Judge Conaboy)
WARDEN JONATHAN MINER,              :
                                    :
                                    :
        Respondent                  :
```
_____

## **MEMORANDUM**
### **Background**

This *pro se* habeas corpus petition was initiated by Cesar Fuentes, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"). This Court previously substituted LSCI-Allenwood Warden Jonathan Miner for the United States of America as the sole Respondent in this matter.

According to the petition, Fuentes pled guilty to two (2)charges of mail fraud on October 29, 2002, in the United States District Court for the District of New Jersey.[1]  While released on bail pending sentencing, Petitioner was arrested by local police in Trenton, New Jersey on March 8, 2003 and charged with making

---

[1] Respondent indicates that Petitioner pled guilty to mail fraud and conspiracy to commit mail fraud.

1

terroristic threats.  He was taken into state custody "in default of bail pending trial on the 'State Offense.'"  Doc. 1, p. 2.  Three (3) days later, Fuentes' federal bail was revoked and a "federal detainer was lodged at petitioner's place of state pre-trial confinement preventing his release on state bail."  Id. at p. 3.

Petitioner was sentenced to concurrent terms of thirty-six (36) months imprisonment with respect to his federal conviction on July 7, 2003.  There was no specification by the District of New Jersey that the federal sentence should run concurrently with any state sentence.  Following imposition of his federal sentence, Fuentes was returned to state custody and a federal detainer was lodged with New Jersey state correctional officials.

On October 29, 2004, Petitioner entered a guilty plea in state court.  Fuentes was sentenced in New Jersey state court on December 3, 2004 to "a five (5) year term with a stipulation of eighteen (18) months incarceration to run concurrently with the Federal Conviction."  Id.

Petitioner completed service of his state sentence and was released to federal officials on March 21, 2005.  He is presently projected for release from federal custody on October 28, 2007 via good conduct time release.

Fuentes claims entitlement to federal habeas corpus relief on the grounds that his federal sentence has been improperly

2

calculated.  Specifically, Petitioner asserts that officials of the Federal Bureau of Prisons ("BOP") erred by not designating the New Jersey state prison as a place of federal confinement.  As a result of the federal authorities' purported failure to recognize that his state sentence was ordered to run concurrently with his previously imposed federal sentence, Fuentes contends that his federal sentence has expired and he is entitled to immediate release.

### Discussion

Respondent asserts that in accordance with 18 U.S.C. § 3585(a) Petitioner began service of his federal sentence on March 21, 2005 and is scheduled for release on October 28, 2007.  The Respondent argues that Fuentes was not awarded credit for any time spent in New Jersey state custody, since that entire period of incarceration was credited towards service of his state sentence.

According to the Respondent, Fuentes was considered for *nunc pro tunc* designation of service of his federal sentence while in state custody.  However, said request was properly denied because the District of New Jersey did not indicate that the federal sentence should be served concurrently.

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).

A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his

3

federal sentence.  <u>Chambers v. Holland</u>, 920 F. Supp. 618, 621 (M.D. Pa.), <u>aff'd</u>, 100 F.3d 946 (3d Cir. 1996); <u>United States v. Pungitore</u>, 910 F.2d 1084, 1118-19 (3d Cir. 1990). 18 U.S.C. § 3585 provides in relevant part:

> (a)  Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)  Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1)  as a result of the offense for which the sentence was imposed; or
> >
> > (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[2]

It is undisputed that Fuentes was first arrested on federal charges and then released on bail.  He was then arrested on state charges and taken into state custody.  There is no indication that Fuentes would have been eligible for release from his pre-trial state custody if not for the placement of the federal detainer.

---

[2] § 3585 is applicable only to those federal offenses committed <u>after</u> its effective date of November 1, 1987.

4

"[C]redit against a federal sentence attaches only when a federal detainer is the <u>exclusive</u> reason "for an inmate's pretrial confinement." <u>United States v. Blankenship</u>, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original). A petitioner can obtain federal sentence credit if he satisfies his burden of showing that his state custody was solely the result of a federal detainer and that the period of incarceration was not credited towards service of his state sentence. <u>Boniface v. P.M. Carlson</u>, 856 F.2d 1434, 1436 (9th Cir. 1988). Under the standards announced in <u>Blankenship</u>, Fuentes is not entitled to credit against his federal sentence for his period of state pretrial confinement.

The United States Court of Appeals for the Third Circuit in <u>Rios v. Wiley</u>, 201 F.3d 257, 274 (3d Cir. 2000) has similarly recognized that a prisoner was only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Accordingly, Petitioner's federal sentence did not commence when he was transferred from state to federal custody pursuant to a writ *ad prosequendum* for the purpose of attending his federal sentencing. See <u>Ruggiano v. Reish</u>, 307 F.3d 121, 125, n. 1 (3d Cir. 2002); <u>Chambers</u>, 920 F.Supp. at 622.

Second, 18 U.S.C. § 3621(b) authorizes the BOP "to designate the place of confinement for purposes of serving federal sentences of imprisonment." <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1991).

Under § 3621(b), the BOP has the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility.[3]  However, a federal court may not direct that a federal sentence run concurrently with a state sentence.  Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976).

This matter is similar to the situation addressed in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).  In Barden, the BOP had refused to consider an inmate's request that his prior place of confinement, a state prison, be designated *nunc pro tunc* as the

---

[3]   In pertinent part, § 3621(b) provides:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
  (1) the resources of the facility contemplated;
  (2) the nature and circumstances of the offense;
  (3) the history and characteristics of the prisoner;
  (4) any statement by the court that imposed the sentence--
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
      (B) recommending a type of penal or correctional facility as appropriate; and
  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

place of service of his federal sentence, thereby making the two sentences concurrent.  Holding that the BOP had the statutory authority to make such a designation, the Third Circuit Court of Appeals granted habeas relief by directing that the BOP exercise the discretion the statute afforded.  As recognized in <u>Barden</u>, § 3621(b) grants the BOP authority to designate a state prison as the place of service of a federal inmate's sentence. "<u>Barden</u> does not authorize the BOP to award credit for time spent in state custody prior to the imposition of a federal sentence." <u>Gonzalez v. Hawke</u>, 2006 WL 2465307 * 6 (D.N.J. Aug. 21, 2006).

 In the present case, Petitioner's federal sentence pre-dated imposition of his state sentence.  Second, all time served by Fuentes in the State of New Jersey correctional system has been credited towards service of his state sentence.  In accordance with <u>Barden</u>, the BOP considered Petitioner's request for *nunc pro tunc* designation. However, the request was denied.

   The United States Court of Appeals for the Third Circuit has recognized that there is a split among the circuit courts regarding the issue of whether a federal sentence can be ordered to run consecutively or concurrently to a state sentence not yet imposed. <u>Sloan v. United States</u>, 2006 WL 1453122 *4 (W.D. Pa. May 25, 2006). In <u>United States v. Randolph</u>, 80 Fed. Appx. 190, 195-96 (3d Cir. Oct. 20, 2003) the Court of Appeals stated that if the federal sentencing court does not address the issue of concurrence, federal and state terms of imprisonment imposed at different times must be

7

served consecutively unless the prisoner can convince the BOP to award *nunc pro tunc* designation.

In a factually similar case, it was recognized that "[t]he designation of a state institution for service of a federal sentence must be consistent with the intent of the federal sentencing court, or consistent with the goals of the criminal justice system." Sheika v. BOP, 2007 WL 576346 *3 (D.N.J. Feb. 20, 2007). Since the BOP denied the *nunc pro tunc* designation request, this Court's inquiry is limited to whether there was an abuse of discretion. In Sheika, the district court noted that the BOP's failure to adhere to a state sentencing order was not an abuse of discretion since "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Sheika, 2007 WL 576346 at *4. Since a review of the record fails to establish that the BOP abused its discretion in denying Fuentes' request for *nunc pro tunc* designation, there is no basis for federal habeas corpus relief.

## Conclusion

Petitioner is not entitled to credit for the period of pretrial confinement served in the State of New Jersey because: (1) a federal detainer was not the exclusive reason for the pretrial confinement; (2) writ *ad prosequendum* was not a relinquishment of custody by the State of New jersey, which was Petitioner's primary custodian; (3) all pretrial confinement serve by Petitioner was credited towards service of his New Jersey state sentence.

8

Based upon a review of the record there is no evidence upon which to conclude that the failure of the BOP to grant Fuentes' request that his New Jersey state prison be given a *nunc pro tunc* designation as the place of service of his federal sentence was an abuse of discretion.  Accordingly, the petition for writ of habeas corpus will be denied.  An appropriate order will enter.

<u>S/Richard P. Conaboy</u>  
RICHARD P. CONABOY  
UNITED STATES DISTRICT JUDGE

DATED: APRIL 18, 2007

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA
```

CESAR FUENTES,                         :
                                       :
       Petitioner             :       CIVIL NO. 3:CV-06-277
                                       :
   v.                                  :
                                       :
                                       :       (Judge Conaboy)
WARDEN JONATHAN MINER,                 :
                                       :
                                       :
       Respondent             :
_____

**<u>ORDER</u>**

AND NOW, THEREFORE, THIS 18th DAY OF APRIL, 2007, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is DENIED.
2. The Clerk of Court is directed to CLOSE the case.
3. Based upon the Court's determination, there is no basis for the issuance of a certificate of appealability.

                                            <u>S/Richard P. Conaboy</u>
                                            RICHARD P. CONABOY
                                            UNITED STATES DISTRICT JUDGE